| |
|---|
| **Sturman v BBA Group 377 LLC** |
| 2025 NY Slip Op 34410(U) |
| November 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655795/2019 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ARLENE P. BLUTH</u>      PART      14

*Justice*

-------------------------------------------------------------------------------X

DEBORAH STURMAN, ARTHUR MILLER,

         Plaintiffs,

     - v -

BBA GROUP 377 LLC, ILAN BRACHA, HAIM BINSTOCK, ELP 377 BROADWAY, LLC, JOHN DOES, 377 BROADWAY NYC MEZZ, LLC

         Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655795/2019 |
| MOTION DATE | 11/13/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 76, 77, 78, 79, 80, 83, 84

were read on this motion to/for      ATTORNEY - <u>DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW</u> .

Upon the foregoing documents Goetz Platzer, LLP's motion to withdraw as counsel for defendants is granted as described below.

<u>Withdrawal</u>

Gary Kushner, Esq. and his law firm, Goetz Platzer LLP, move to withdraw as counsel of record for all defendants. They say that they have had difficulty communicating with defendants through their co-managing members Ilan Bracha and Haim Binstock. Furthermore, they recently discovered that the Brach and Binstock are engaged in litigation against each other in New Jersey. Goetz Platzer LLP also moves for a sixty-day stay to allow defendants time to find new counsel.

Plaintiffs do not oppose but due to the years of delays and the fact that the trial date is scheduled for February 4, 2026, ask that defendants be required to retain counsel and submit appearances within thirty days.

**655795/2019 STURMAN, DEBORAH vs. BBA GROUP 377 LLC**
**Motion No. 002**

**Page 1 of 4**

[* 1]

The Court grants the part of Goetz Platzer LLP's motion to withdraw as counsel of record for the defendants as unopposed and agrees with plaintiffs that defendants should retain new counsel and that their counsel should submit appearances within thirty days after the former clients are served with this order.

Plaintiffs' Request to Extend the Summary Judgment Deadline

Plaintiffs also request that the Court allow an extension for them to file summary judgment, although they did not move for this relief. Plaintiffs detail that the parties engaged in settlement discussions, the parties informed the Court that they had settled this matter on September 8, 2023 at NYSCEF Doc. No. 75, but the settlement agreement was never executed. Plaintiffs argue that since they were under the impression that defendants would settle this case and they did not, that plaintiffs should receive an extension to file for summary judgment.

The Court does not find that plaintiffs should be entitled to an extension to file for summary judgment for a multitude of reasons. The note of issue was filed on September 29, 2022 (NYSCEF Doc. No. 74), so the deadline to submit dispositive motions was late January 2023. The parties did not inform the Court of the settlement agreement until September 8, 2023 – at which point the deadline to file a summary judgment motion had already lapsed over seven months earlier. Then, plaintiffs waited another almost two years, until the eve of trial and after defendants' counsel made a motion to withdraw, to request in their papers that they be given a multiple-year extension to file for summary judgment.

Under CPLR 3212(a), for a court to permit dispositive motions more than 120 days after the note of issue is filed, the party requesting the extension must show good cause for its delay in

**655795/2019   STURMAN, DEBORAH vs. BBA GROUP 377 LLC**
**Motion No.  002**

**Page 2 of 4**

[* 2]

making the motion; this requires "…a satisfactory explanation for the untimeliness — rather than simply permitting meritorious, non-prejudicial filings, however tardy" (*Brill v. City of New York*, 2 N.Y.3d 648, 652, 781 N.Y.S.2d 261, 264, 814 N.E.2d 431, 434 [2004]).

Here, plaintiffs did not even make a motion to extend the summary judgment deadline. They put their request to extend the deadline in their papers in support of defendants' attorneys' motion to withdraw. Secondly, plaintiffs have not shown good cause for the delay. As the court stated in *Brill*, the party seeking an extension must show a satisfactory explanation for its tardiness. The Court finds that the belief that a settlement agreement will be signed at some point does not constitute good cause for waiting to file a summary judgment motion until several years after it was due. It seems especially apparent here that good cause has not been shown, as the parties did not even inform the Court that this matter had settled until over seven months after the deadline to make a summary judgment motion had already passed.

To be blunt, if "But I thought this would settle" were an acceptable excuse to extend the summary judgment deadline, then there would be no point to the 120-day rule. Everyone always hopes the case settles.

Accordingly, it is hereby

ORDERED that Goetz Platzer LLC's motion to withdraw as counsel of record for all defendants is granted conditioned upon outgoing counsel complying with the following:

ORDERED that within 10 days of this order, the outgoing attorney serve a copy of this order with notice of entry upon defendants by email and upon the attorneys for plaintiffs by posting to the New York State Courts Electronic Filing System; and it is further

ORDERED that, together with a copy of this order with notice of entry served upon the former clients, moving counsel shall forward a notice directing the former clients to appoint

substitute counsel; and counsel shall upload an affidavit of service for the notice and decision within 10 days of mailing to the former clients; and it is further

ORDERED that all proceedings in this matter are stayed until December 30, 2025 to allow defendants time to retain new counsel; defendants shall retain new counsel, and their new counsel shall submit their appearances on or before January 5, 2026.

Failure of any of the LLCs to appear by counsel and for Mr. Bracha and Mr. Binstock to either appear by counsel or self-represented at any future Court appearance may be considered a default in appearance and be treated accordingly. Trial date: February 4, 2026.

| | | |
|---|---|---|
| **11/18/2025** | | **ARLENE P. BLUTH, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655795/2019   STURMAN, DEBORAH vs. BBA GROUP 377 LLC**
**Motion No. 002**
**Page 4 of 4**

4 of 4

[* 4]